

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| G.F. COWETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. CIV-04-70-W ) |
| JO ANNE B. BARNHART, Commissioner, Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) ) |

**FILED**

FEB - 3 2006

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By:_____
Deputy Clerk

## ORDER

Claimant, G.F. Cowett, pursuant to 42 U.S.C. § 405(g), requests judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Claimant's application for disability benefits under the Social Security Act. In accordance with 28 U.S.C. § 636(c)(1) and (3), the parties hav econsented to proceed before a United States Magistrate Judge. Any appeal of this order will be directly to the Tenth Circuit Court of Appeals. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, the Court AFFIRMS the Commissioner's decision.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment..." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only if his "physical or mental impairment or impairments are of such severity that he is

not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy..." Id. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term substantial evidence has been interpreted by the U.S. Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not reweigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474,

---

[1]Step one requires claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. See id. §§ 404.1521, 416.921. If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity (RFC) to perform his past relevant work. If claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

488 (1951); see also Casias, 933 F.2d at 800-01.

## Procedural Background

On November 23, 1994, Claimant first applied for disability benefits under Title II (42 U.S.C. § 401, et seq.) Claimant's application for benefits was denied in its entirety initially and on reconsideration. A hearing before ALJ, Harold G. Adams was held on November 9, 1995. By decision dated January 26, 1996, the ALJ found that Claimant was not disabled at any time through the date of the decision. On March 24, 1997, the Appeals Council denied review of the ALJ's findings. A filed a second application for disability benefits under Title II (42 U.S.C. § 401, et seq.). Subsequent to a hearing before ALJ, Michael A. Kirkpatrick, an unfavorable decision was issued on February 3, 1999. The Claimant did not request review of the ALJ's decision. On May 10, 1999, Claimant filed a third application for disability benefits under Title II (42 U.S.C. § 401 et seq.) Claimant's application for benefits was denied in its entirety initially and on reconsideration. The Claimant did not request review of the ALJ's decision. On July 3, 2000, Claimant filed the current application for a period of disability and Disability Benefits. The application was technically denied on July 6, 2000 and upon reconsideration on November 1, 2000 based on the doctrine of res judicata. By decision dated April 26, 2001, the ALJ found Claimant's current request for a hearing involved the rights of the same Claimant on the same facts and issues which were decided in the final and binding determination dated October 28, 1999. Therefore, the Claimant's request for a hearing was dismissed and the determination dated October 28, 1999 remained in effect.

## Review

Claimant asserts that the ALJ erred by dismissing his request for hearing based on the doctrine of res judicata because new and material medical facts were presented.

## The Application of Res Judicata

When a decision on a disability claim becomes final, the decision and its underlying findings may not be overturned in a subsequent proceeding based upon a re-evaluation of evidence already weighed in the earlier proceeding. Yet, when new evidence is present at a second hearing, administrative res judicata may not bar a different finding of fact. 20 C.F.R. § 404957(c)(1).

Claimant contends a medical report from Dr. Rick L. Robbins dated July 18, 2002 constitutes new and material evidence that bars the application of administrative res judicata. Notably, Claimant's last date of insured status was March 31, 1999. In his report, Dr. Robbins states that Claimant has been under his medical care for twenty years subsequent to an on the job injury in 1993. He opines that the Claimant has been unable to work since that time. (Tr. 105)

This court finds the report from Dr. Robbins does not constitute new and material evidence barring the application of res judicata. Thus, the ALJ did not err by dismissing the request for hearing where the Claimant has had a previous determination about rights on the same facts and on the same issues and his previous determinations became final by administrative or judicial action.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied, therefore the ruling of the Commissioner of Social Security Administration is AFFIRMED.

DATED this 3rd day of February, 2006.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE